UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
VERONICA CORTEZ, on behalf of herself and
 others similarly situated,

                         Plaintiff,

                         - against -

8612 BEST COFFEE SHOP INC.,

                         Defendant.
-------------------------------------------------------------------X

ORDER ADOPTING
REPORT AND RECOMMENDATION
13-CV-3095 (RRM) (RML)

ROSLYNN R. MAUSKOPF, United States District Judge.

      Plaintiff Veronica Cortez commenced this action on May 28, 2013, alleging violations of the

Fair Labor Standards Act (the "FLSA"), 29 U.S.C. §§ 201, *et seq.*, the New York Labor Law (the

"NYLL"), N.Y. LAB LAW §§ 190 and 650, *et seq.*, and the minimum wage, overtime, and spread-

of-hours laws and associated regulations of the New York Commissioner, codified in N.Y. COMP.

CODES R. & REGS. tit. 12 §§ 142.  (Compl. (Doc. No. 1).)

      Plaintiff alleges she was employed by defendant 8612 Best Coffee Shop Inc. ("Best Coffee

Shop") from on or about October 2006 to May 12, 2013.  (Compl. at ¶ 52.)  During this period,

plaintiff worked as a waitress, cashier, and cleaner at defendant's restaurant in Brooklyn, New

York.  (Compl. at ¶¶ 53–54.)  Despite working between forty-one and sixty hours per week,

plaintiff alleges she was paid at a flat rate of $25, and later $20, per day, and did not receive

minimum wage or overtime compensation.  (Compl. at ¶¶ 58–63, 65–66, 78.)  Plaintiff states that

while customers occasionally gave tips directly to her, she rarely, if ever, received tips left on

checks that were intended for her.  (Tr. (Doc. No. 39) at 23:8–24:10.)  Plaintiff claims defendant

never notified her that her tips would be used to offset wages, and that defendant did not account for

tips in any calculation of her wages.  (Compl. at ¶¶ 70–71.)

Plaintiff seeks damages for defendant's violations of the FLSA and the NYLL, and defendant's failure to provide written notice of wages and employment terms and conditions. (Compl. at 22–23.) Plaintiff also seeks liquidated damages, pre-judgment interest, attorney's fees, and costs. (Compl. at 24.)

On April 30, 2014, defendant Best Coffee Shop discharged its attorney. (Baida Letter, Apr. 30, 2014 (Doc. No. 21).) Subsequently, defendant, a corporation, failed to obtain representation necessary to defend itself in the action. On January 30, 2015, plaintiff moved for default judgment against defendant. (Mot. Default J. (Doc. No. 32).) By an Order dated January 30, 2015, the Court referred plaintiff's motion for a default judgment to Magistrate Judge Robert M. Levy for a Report and Recommendation ("R&R"). On August 14, 2015, Judge Levy issued an R&R recommending that plaintiff's motion be granted, and that plaintiff be awarded a total of $188,829.21, plus interest, consisting of $52,727.67 in unpaid minimum wages;[1] $32,639.64 in unpaid overtime wages; $90,423.65 in liquidated damages; $5000 in damages for wage and hour notice violations; $7688.25 in attorney's fees; $350 in costs; and prejudgment interest at the rate of nine percent (9%) per annum in an amount to be determined at the date of entry of this judgment. (R&R at 21.) Magistrate Judge Levy reminded the parties that, pursuant to Rule 72(b), any objections to the R&R were due by August 28, 2015. (R&R at 22.) No party has filed any objection.

It is well settled that corporations must appear through counsel in federal court proceedings and may not defend an action *pro se*. *Grace v. Bank Leumi Trust Co. of N.Y.*, 443 F.3d 180, 192 (2d Cir. 2006). Default judgment is appropriate where a corporation repeatedly fails to appear by counsel. *Id.* Pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72, the Court has

---

[1] A sentence on page nine of the R&R states the amount of unpaid minimum wages as $52,742.67. This appears to be an inadvertent transcription error. The correct amount appears throughout the R&R, including in the relevant chart and final calculation. (R&R at 2, 8, 21.)

reviewed the R&R for clear error and, finding none, concurs with the R&R in its entirety. *See Covey v. Simonton*, 481 F. Supp. 2d 224, 226 (E.D.N.Y. 2007).

Accordingly, it is hereby ORDERED that default judgment be entered against defendant Best Coffee Shop and plaintiff be awarded a total of $188,829.21, plus interest, consisting of $52,727.67 in unpaid minimum wages; $32,639.64 in unpaid overtime wages; $90,423.65 in liquidated damages; $5000 in damages for wage and hour notice violations; $7688.25 in attorney's fees; $350 in costs; and prejudgment interest at the rate of nine percent (9%) per annum in an amount to be determined at the date of entry of this judgment.

The Clerk of Court is directed to enter judgment pursuant to this Order, send a copy of this Order and the accompanying judgment to defendant at the address below, and close the case.

8612 Best Coffee Corp.
c/o Serafin Vasquez
3929 New Utrecht Avenue
2nd Floor
Brooklyn, NY 11219[2]

                                        SO ORDERED.

Dated: Brooklyn, New York                *Roslynn R. Mauskopf*
          April   18, 2016          _____
                                        ROSLYNN R. MAUSKOPF
                                        United States District Judge

---

[2] This is the address provided to the court for purposes of further inquiry by Ms. Baida, defendant's former attorney. (Baida Letter at 1.)